IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE CAREY,** : | **CASE NO. 3:05-CV-2093** |
| **Plaintiff** : | |
| : | |
| v. : | **(Judge Sylvia H. Rambo)** |
| : | |
| **CITY OF WILKES-BARRE** and : | |
| **MAYOR THOMAS M. LEIGHTON,** : | |
| *Individually and in His* : | |
| *Official Capacity,* : | |
| : | |
| **Defendants** : | |

# **M E M O R A N D U M**

## I.        **Introduction**

Before the court is Plaintiff's motion for attorney fees and costs for a successful verdict on her behalf in a First Amendment Retaliation claim. The matter is briefed and is ripe for disposition.

Defendants oppose the amount requested by Plaintiff claiming that (1) the billing rate is unreasonable; (2) the fee should be reduced because of the limited success of Plaintiff's claims; (3) Plaintiff should not be compensated for press communications; (4) Plaintiff's billing entries in response to Defendants' renewed motion for judgment notwithstanding the verdict are excessive; (5) Plaintiff should not be compensated for time related to case number 3:05-CV-2534 (related to this objection is Defendants' request that the fees should be reduced by 50 percent because the time spent was duplicative to the work performed in case number 3:05-CV-2534); (6) Plaintiff should not be compensated for transcribing council meeting minutes; and (7) Plaintiff's travel time is unreasonable and excessive.

**II.     Discussion**

    **A.     Billing Rate**

In determining a reasonable fee, the court begins by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party opposing the fee petition may challenge, by affidavit or brief with sufficient specificity, the reasonableness of the requested fee. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the community.[1] Once the lodestar, i.e. the reasonable hours expended multiplied by a reasonable hourly rate, is calculated, the court must determine if the fee should be reduced based on the following factors: (1) time spent pursuing unsuccessful claims distinctly different and unrelated to the "ultimate result achieved"; (2) time and labor required; (3) novelty and difficulty of the questions; (4) the skill requisite to perform the legal service properly; (5) the preclusion of employment by the attorney due to acceptance of the case; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) time limitations imposed by the client or the circumstances; (9) the amount involved and the results obtained; (10) the experience, reputation, and ability of the attorneys; (11) undesirability of the case; (12) the nature and length of the professional relationship with the client; and (13) awards in similar cases. *City of Riverside v. Rivera*, 477 U.S. 561, 568 & n.3 (1986) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Hensley*, 461 U.S. at 429-30 & n.9.

---

[1] The Middle District of Pennsylvania is comprised of more than half of the counties in Pennsylvania. This court will consider the market rate in the community where Plaintiff's counsel resides and practices law – the Scranton-Wilkes-Barre area.

Plaintiff seeks attorney's fees on an hourly rate of $300.00. Defendant claims this is not the prevailing rate for an attorney in the Middle District of Pennsylvania with similar skills and experience as Plaintiff's counsel and in light of Plaintiff's limited success. In support, Defendants cite to *Moore v. Susquehanna Area Regional Airport Auth.*, No. 1:02-CV-0535, WL 2430790 (M.D. Pa. 2005), where a rate of $200.00 per hour was a reasonable rate. In another case, *Svecz v. Commw. of Penna. Dept. of Corr.*, No. 3:98-CV-1177 (M.D. Pa., Nov. 17, 2003), a rate of $165.00 was determined to be a reasonable rate in a Middle District of Pennsylvania employment discrimination case.

The above cases were based on market rates that preceded the instant case by six and eight years. However, in the more recent case of *Lohman v. Dwyea Borough*, No. 3:05-CV-1423 (M.D. Pa., July 30, 2008), Plaintiff's counsel was awarded counsel fees at the rate of $215.00 per hour.

In a recent case of *Lewis v. Smith, et al.*, No. 08-3800 (3d Cir., July 28, 2010), a United States magistrate judge, sitting as a special master for the Third Circuit Court of Appeals, found that the prevailing rates for practitioners in the Harrisburg legal community was $300 per hour. The attorneys involved in that case are well-known to this court. One has been in practice since 1976 and the other since 1989. They are highly skilled and respected in the Harrisburg region. This court recognizes that years in a successful practice is not the only element to use in determining the hourly rate. The court must consider factors such as skill and experience. *Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436 (3d Cir. 1988).

Throughout the briefing on this issue, contrasts have been made between Barry Dyller and Plaintiff's counsel, Cynthia L. Pollick. Dyller is reported to have been in practice for more than fifteen (15) years longer than Pollick, has tried

3

ninety cases, and has represented clients in over one hundred civil rights cases. Dyller has been on the executive board of the Civil Rights section of the American Association for Justice, chair-elect of its Civil Rights section, and chairman in July 2009. Attorney fee rates for Dyller have been approved in amounts ranging from $300.00 to $375.00 per hour. (Affidavit of Barry N. Dyller, Ex. C to Affidavit of C. Pollick (doc. 167-2).)

Pollick counters that she has been in practice eleven years, has four years in human resources experience, a Master's Degree in Trial Advocacy, is a graduate from Gerry Spence's Trial Lawyers College in employment and labor law, in one year won four jury civil rights trials and has achieved four precedential opinions from the Third Circuit Court of Appeals. (Plf.'s Reply Brief, Doc. 183 at p. 2.)

It is this court's opinion that Pollick's length of practice and experience does not entitle her to a $300.00 per hour rate. A rate of $225.00 per hour is deemed reasonable.[2]

### B. Success of Plaintiff's Claims

Defendant seeks further reduction of attorneys fees because, they claim, Plaintiff has had limited success in the results of her lawsuit. Two lawsuits were filed in this matter – a First Amendment Retaliation claim assigned to docket number 3:05-CV-2093 (the captioned case), and a substantive due process claim assigned to docket number 3:05-2534 (referred to hereinafter as the "state created lawsuit"). In case number 3:05-CV-2534, Plaintiff received a verdict of $67,000.00[3] on her First

---

[2]This is an hourly rate of $10.00 more than the rate awarded to Pollick in the *Lohman* case (supra).

[3]$50,000 in punitive damages against defendant Mayor Thomas M. Leighton and $17,000 in compensatory damages against defendants The City of Wilkes-Barre and Mayor Thomas M. Leighton.

Amendment retaliation claim; the state law claims averred in this case were dismissed. The entire action in case number 3:05-2534, the state created lawsuit, was dismissed. The hours attributed to the latter case have been redacted from the fee petition by this court.

In *Northeast Woman's Center v. McMonagle*, 889 F.2d 466 (3d Cir. 1989), the court held that "in cases in which Plaintiff's successful and unsuccessful claims involve a common core of facts or related legal theories, or where much of counsel's time is dedicated to the litigation as a whole, it is often impossible to divide counsel's time on a precise claim-by-claim basis." *Id.* at 476 (citing *Hensley* 461 U.S. at 435). A review of the complaint in this matter reveals that the state claims against the mayor resulted from the same operative facts as the § 1983 claims stemming from a letter to the editor about plaintiff. The letter was the retaliatory acts underlying the § 1983 claim and was the basis for the defamatory claim underlying the state tort claim.

In *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031 (3d Cir. 1996), the court held "that counsel fees should only be awarded to the extent that the litigant was successful. The amount of damages awarded, when compared with the amount requested, may be one measure of how successful the plaintiff was in his or her action . . . ." *Id.* at 1042. In Plaintiff's complaint, she seeks nominal damages, prospective injunctive relief, punitive damages, attorney fees, etc. Any demands made prior to trial, at a pretrial conference for instance, are not available to the undersigned.[4]

This case began in the United States District Court for the Middle District of Pennsylvania in the Fall of 2005 and concluded in the Fall of 2009, an

---

[4] The undersigned notes that not having been the trial judge in this action brings additional challenges and difficulties in addressing a fee petition.

appeal to the Third Circuit Court of Appeals concluded in March 2011 followed by the balance of the briefing on the issues of post judgment interest and attorney's fees and costs – a period of time stretching over five and one-half years.

### C. Compensation for Press Communications

Plaintiff seeks compensation for 1.4 hours of counsel's communication with the media. Defendant cites *Heavens v. Golfview Estates, Inc.*, 1997 U.S. Dist. LEXIS 4007 *20 (N.D. Ill, Mar. 31, 1997), which held that press communications are not compensable unless instigated by the opposing party. This court can find no citation covering this situation in the Third Circuit. In any event, there is no evidence on the record as to whether Defendants instigated any media contact. In the absence of any case law supporting media contact as a legitimate compensable work product, the 1.4 hours will be deducted.

### D. Billing Hours Related to Plaintiff's Brief in Response to Defendants' renewed Motion for Judgment Notwithstanding the Verdict

Defendants claim that the 51.4 hours Plaintiff billed for preparing and researching Plaintiff's brief in opposition to Defendants' renewed motion for judgment notwithstanding the verdict is unreasonable and excessive. This amount of time is almost six and on-half days based on an eight hour work day. The brief was 26 pages long. The hours claimed do not seem unreasonable. Defense counsel do not suggest what a reasonable time would be for such a motion. Therefore, Defendants' objection is overruled.

### E. Transcription of Counsel Meetings

There were only tapes, not transcripts, made of the council meetings. It appears that these transcriptions by Plaintiff's counsel's legal assistant were needed in preparation of trial to identify witnesses and admissions made at council meetings. Such transcriptions are reasonable for the purpose used.

### F. Travel Time

Defendants object to the travel time to and from Pittston, Pennsylvania to Clark Summit, Pennsylvania on October 13, 2005 and the various trips from Pittston to Wilkes-Barre, Pennsylvania. The travel distance from Pittston to Wilkes-Barre is 8.4 miles and is estimated to take 18 minutes.[5] In addition to the driving time, time to get from and to the car and park the car can be included; therefore, it is not unreasonable to allot one-half hour each way.

The distance from Pittston to Clarks Summit is 21 miles and, depending on the route taken, is estimated to take 25 to 28 minutes. *Id.* On October 13, 2005, Plaintiff's counsel shows 2.5 hours for this trip. Plaintiff's counsel claims that part of this time was spent with Plaintiff's other lawyer in consultation. That other lawyer was Lisa Welky. (*See* doc. 183 at p. 20.) On her billing record, counsel only sets forth travel to and from Clarks Summit to pick up notice filing. No indication is made of a conference concerning this law suit. By allowing 40 minutes each way for travel only, the time would be 1 hour and 20 minutes. The conference time will be excluded as not specifically referenced on the time sheet. A deduction of 1.1 hour will be made. A deduction of 1 hour will be made for the travel to serve a subpoena on the Mayor, a party to this action. Therefore, a total deduction of 2.1 will be made in the category of travel time.

---

[5]*See* Google Maps at http://maps.google.com.

### III.     Recapitulation

| | | |
|---|---|---|
| **Counsel** | Hours Billed | 657.80 |
| | Less Deduction | -  3.50 |
| | Total | 654.30 x $225 per hour = $147,217.50 |
| | | |
| **Legal Assistant** | Hours Billed | 395.20 x $ 75 per hour = $ 29,640.00 |
| | | |
| **Legal Researcher** | Hours Billed | 106.90 x $100 per hour = $ 10,690.00 |

**Total Fees Awarded**                                          $187,547.50

**Total Costs**                                                 $   8,163.63


                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated:  May 19, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DENISE CAREY,**                    :    CASE NO. 3:05-CV-2093
              **Plaintiff**          :
                                     :
         v.                          :    (Judge Sylvia H. Rambo)
                                     :
**CITY OF WILKES-BARRE and**         :
**MAYOR THOMAS M. LEIGHTON,**        :
*Individually and in His*            :
*Official Capacity,*                 :
                                     :
              **Defendants**         :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS ORDERED THAT** fees and costs are awarded in favor of Plaintiff and against Defendants as follows:

    Attorney fees        $187,547.50

    Costs               $  8,163.63

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  May 19, 2011.